UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE BANKS,

       Petitioner,

                                 Civil No: 04-70318
                                 Honorable Victoria A. Roberts
                                 Magistrate Judge Donald A. Scheer

v.

KENNETH ROMANOWSKI,

       Respondents.

_____

OPINION & ORDER DENYING REQUEST FOR A CERTIFICATE
OF APPEALABILITY AND GRANTING APPLICATION
TO PROCEED IN FORMA PAUPERIS

I. Introduction

On July 20, 2005, the Court filed an Opinion and Order and entered a Judgment Denying Petition for Writ of Habeas Corpus. Petitioner subsequently filed a Request for a Certificate of Appealability with the Court on August 4, 2005. Under 28 U.S.C. §2253, an appeal may not be taken to the court of appeals from the final order in a §2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. *28 U.S.C. § 2253(c)(1)(B); 28 U.S.C. §2253©; Fed. R. App. P. 22(b).*

II. Statement of Substantive Facts

Petitioner was convicted on July 9, 1999 by a Wayne County Circuit Court jury of the following criminal offenses: (1) one count of premeditated murder in violation of MCL §750.316; (2) two counts of assault with intent to murder in violation of MCL §750.83; (3) one count of assault with intent to do great bodily harm less than murder in violation of MCL §750.84; and (4)one count

of possession of a firearm during the commission of a felony in violation of MCL §750.227b.   The convictions arose from the shooting deaths of Eugene Whitlow and Tyrone Mahone and the shooting injuries inflicted upon Jack Adams, Jacqueline Stokes and Stacey Ingram.   Petitioner made several admissions relative to the shooting which were memorialized in an eight page statement. Most significantly, Petitioner admitted in his statement and at  trial that he shot Mr. Whitlow, Mr. Adams and Mr. Mahone, but claimed that he did so in self-defense.   Petitioner denied shooting Ms. Stokes and Ms. Ingram.   However, Petitioner later attempted to recant his confession claiming that his statements were not truthful and were made in an effort to protect his accomplices.   Admission of the statement was challenged at trial.   Ultimately, the trial court permitted its admission for impeachment purposes only.

Petitioner was convicted and given a mandatory life sentence for the one count of premeditated murder to  run concurrently with two  life term sentences for the two counts of assault with intent to murder and  six years & eight months  for the one count of assault with intent to do great bodily harm less than murder running consecutively with  two years imprisonment for the felony firearm conviction.

After Petitioner's exhaustion of appellate rights through the state courts and the denial by this Court of Petitioner's request for habeas relief, Petitioner has filed a request for a ruling on his Request for a Certificate of Appealability.

**III.   Standard of Review for Issuance of Certificate of Appealability**

In order to obtain a Certificate of Appealability relative to claims that are not procedurally defaulted, a prisoner must make a substantial showing of the denial of a constitutional right. *28 U.S.C. § 2253(c)(2).* To demonstrate this denial in cases where the issues are not procedurally

defaulted, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition for habeas relief should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000). In instances where the issues are procedurally defaulted, a certificate of appealability should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484.

The Court must either issue a Certificate of Appealability indicating which issues satisfy the required showing, or must state the reasons why such a certificate should not issue. *Fed. R. App. P. 22(b)*. When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Slack v. McDaniel,* 529 U.S. at 484.

Upon review of the pleadings and the record in this mater, the Court finds that Petitioner has failed to show that the issues raised by Petitioner in support of his request for habeas relief warrant the issuance of a Certificate of Appealability in this matter. Therefore, Petitioner's Request for Certificate of Appealability is denied.

## IV. Law & Analysis

Petitioner raises five issues wherein he asserts that his constitutional rights have been violated. It is upon these claims that Petitioner contends that his Request for a Certificate of Appealability should be granted.

### A. Jury Instructions

Petitioner's argument relative to his claim that there was an error regarding the jury

3

instruction is two-fold.  First Petitioner contends that he was not given notice regarding the trial court's charge of an aiding and abetting jury instruction.  As a result, Petitioner maintains that he was deprived of the opportunity to present an adequate defense relative to that issue.  Second, Petitioner asserts that the trial court failed to give a self-defense jury instruction.  For these reasons, Petitioner claims that he was denied a fair trial.  In order for a certificate of appealability to be granted relative to this issue, reasonable jurists must find it debatable whether this Court's ruling regarding the jury instruction issue was correct and whether the claim sets forth a constitutional deprivation.  *See, Slack v. McDaniel*, 529 U.S. at 484.

Relative to the first prong of Petitioner's jury instruction error argument, he cites *U.S. v. Gaskin,* 849 F.2d 454 (9th Cir. 1988) wherein the Ninth Circuit reversed and remanded the case because the jury was charged with an aiding and abetting instruction without advanced notice.  The significant difference between *Gaskin* and this case is that in *Gaskin* the court stated prior to closing arguments that the jury would not be charged with the aiding and abetting instruction, the attorneys prepared their cases with that directive in mind, and then the court ultimately charged the jury with the aiding and abetting instruction. Those are not circumstances before this Court; and therefore the trial court's actions in this case nor the outcome can be likened to *Gaskin.*

Moreover, the Petitioner provides no support for any theory that the Constitution mandates advance notice of jury instructions aside from the assertion that Petitioner's right to a fair trial was violated as a result.  What is required in order to obtain a certificate of appealability in this matter is for the Petitioner to show that this Court's assessment of this aider and abettor instruction issue is a constitutional claim which is a debatable or wrong. *See, Slack v. McDaniel,* 529 U.S. at 484. The question then becomes whether the trial court's failure to provide advance notice of the aiding and

4

abetting instruction "infected the entire trial [so] that the resulting conviction violat[ed] due process." *Cupp v. Naughton,* 414 U.S. 141, 146-47 (1973).  In light of the Court of Appeals' finding that there was sufficient factual evidence to substantiate an aiding and abetting instruction and that any flaw in the instruction was timely cured, the Court finds that reasonable jurists would not debate about this issue.

Regarding the self-defense instruction, Petitioner contends that the trial court erred by not instructing the jury relative to this defense as it relates to the shooting assaults of Jacqueline Stokes, Stacey Ingram and Jack Adams.  However, the court charged the jury with the self-defense instruction relative to the other shootings.  After a sidebar discussion following this instruction, the trial court in effect withdrew the self-defense instruction as to the shooting of Jacqueline Stokes, Stacey Ingram and Jack Adams.  It was the court's understanding that Petitioner's trial counsel was arguing that the Petitioner did not shoot these individuals; and therefore, a self-defense instruction as to their shooting was not appropriate.  The trial court informed the jury of the withdrawal of the instruction and of the Petitioner's assertion that he did not commit those particular shootings.  Petitioner's trial counsel later objected to the withdrawal of the instruction stating that the option for the jury to take self-defense into consideration was improperly taken away from them as well as other legal theories of justification for each individual shooting (i.e, transferred intent, misfiring of the weapon).

For purposes of Petitioner's Motion for Certificate of Appealability, this Court must determine whether this self-defense instruction issue is one that is of a constitutional magnitude that jurists of reason would find it debatable whether this Court's decision to deny Petitioner's habeas corpus request relative to this issue was in error.  The Court finds that no such error was made, nor

5

is the issue one that is debatable.  First, Petitioner has failed to show how this issue rises to the level of being deprived of a constitutional right.  Second, the record reflects that the issues to be tried were properly presented to the jury.  Third, the record does not reflect any requests of the trial court from Petitioner's trial counsel regarding charging the jury with any alternative theories of justification, i.e., transferred intent jury instruction.  Finally, the jury was given the self-defense instruction relative to the fatal shootings of Eugene Whitlow and Tyrone Mahone and rejected the defense as evidenced in their guilty verdict on the murder charge.  Accordingly, the Court does not find that this issue is certifiable for appeal.

### B.  Ineffective Assistance of Counsel

Petitioner asserts that he was denied his Sixth Amendment right to effective legal counsel when his trial attorney failed to investigate four witnesses who would have implicated some of the other victims in the shootings as active participants and accomplices as opposed to innocent bystanders.  Although Petitioner's claim is a constitutional one, the Court does not find that this is an issue that is certifiable for appeal.  The record reflects that trial counsel knew about two of the witnesses, but chose not to call them to the stand.  Such decisions are deemed to be strategic choices and will not be second guessed by this Court.  *Strickland v. Washington,* 466 U.S. 668, 690-91 (1984); *Meeks v. bergen,* 749 F.2d 322, 328 (6th Cir. 1984).  Moreover, the Petitioner unsuccessfully sought remand of this matter on appeal in an effort to have a *Ginther* hearing conducted.  The other two witnesses Petitioner sought to have examined at trial submitted affidavits regarding their testimony.  The Court of Appeals found that the affidavit testimony provided no information that could be identified with the crimes with which Petitioner was charged.  Therefore, this Court does not find the issue presented to be one that is debatable amongst reasonable jurists.

6

### C.  Prosecutorial Misconduct

Petitioner contends that the prosecutor engaged in misconduct when during his closing argument, he raised the issue of aiding and abetting which prompted the trial court to instruct the jury accordingly and without advance notice to the Petitioner's trial counsel.  Michigan case law provides that a trial court may in its discretion charge the jury with an instruction without advance notice.  *People v. Murray,* 72 Mich. 10, 16; 40 NW 29 (1888);  *People v. Mann,* 395 Mich.472; 236 N.W.2d 509 (1975).  Moreover, the record reflects that there was factual support to warrant an aiding and abetting jury charge.  Since the basis for Petitioner's prosecutorial misconduct claim is the trial court's reading of the aiding and abetting jury instruction and the aiding and abetting argument during the prosecutor's closing, the Court does not find that this issue is certifiable for appeal when the basis upon which Petitioner relies is unsubstantiated by the record and by case law.

### D.  Trial Court Intrusion into the Province of the Jury

Petitioner asserts that he  was denied a fair trial due to comments made by the trial court while ruling on an objection.  Petitioner claims that these comments showed a bias against the Petitioner.  This issue was not preserved for appeal at trial and was deemed procedurally defaulted by this Court in its denial of Petitioner's request for habeas relief.   In order for a certificate of appealability to be granted relative to this issue, reasonable jurists must find it debatable whether this Court's procedural default ruling was correct and whether the claim sets forth a constitutional deprivation.  *See, Slack v. McDaniel,* 529 U.S. at 484.

The Court finds that its procedural default ruling is not debateable for the following reasons: (1) it is undisputed that Petitioner failed to preserve this issue for appeal when he failed to raise the issue at trial; and (2) it is undisputed that the Michigan Court of Appeals acknowledged Petitioner's

7

failure to preserve the issue and applied a plain error standard of review in its analysis. Consequently, this claim is procedurally defaulted and not certifiable for appeal.

Second, even if the Court were to review the substance of Petitioner's claim, the result would remain the same. Petitioner has not demonstrated to the Court the claimed bias nature of the trial court's comments, nor that the trial court's comments were improper.

### E. Use of Prior Inconsistent Statement

Petitioner contends that the eight page statement, in which he confessed to committing the crimes with which he has been convicted, was only to be admitted into evidence for impeachment purposes, but instead was used as substantive evidence. However, Petitioner has failed to provide any support for his assertion. There is no evidence that the prosecutor encouraged the jury to consider the evidence as substantive. Moreover, there has been no showing that the prosecutor's use of this evidence "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181 (1986). Accordingly, this issue is likewise not certifiable for appeal.

### F. Application to Proceed *In Forma Pauperis*

Upon the Court's review of Petitioner's Application to Proceed with an Appeal Without Prepayment of Fees and Costs and Authorization to Withdraw Funds from Trust Fund Account, the Court finds that Petitioner has complied with Fed. R. App. P. 24(a) which requires him to file the motion with an affidavit showing his inability to file the required fees, a statement indicating his belief that he is entitled to redress and a statement of the issue(s) he intends to present on appeal. This Court is not required to address whether the instant appeal is taken in good faith

8

because Petitioner did not proceed *in forma pauperis* in the district court. *See, 28 U.S.C. §2254; Fed. R. App. Proc. 24(a)(3).*

Therefore, since Petitioner's Motion is in procedural compliance with the federal rules of appellate procedure, the Court finds that Petitioner's request for *in forma pauperis* status is granted.

## V.  Conclusion

For the reasons set forth above, the Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right relative to any of the issues presented; and therefore these issues are not certifiable for appeal. Moreover, Petitioner's request to proceed *in forma pauperis* is granted for the above set forth reasons.

Accordingly,

IT IS HEREBY ORDERED that Petitioner's Motion for Certificate of Appealability **[Docket No: 33-1, filed August 4, 2005]** is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's Application to Proceed with an Appeal Without Prepayment of Fees and Costs and Authorization to Withdraw Funds from Trust Fund Account **[Docket No: 32-1, filed August 4, 2005]** is **GRANTED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 10, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record and petitioner by electronic means or U.S. Mail on January 10, 2006.

s/Carol A. Pinegar
Deputy Clerk

9